**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| WAYNE ALBRIGHT,           ) | |
| ID # LD2593,                        ) | |
|            Petitioner,              ) | |
| vs.                                        ) | No. 3:15-CV-2104-M (BH) |
|                                              ) | |
| DAVID ERIC CASEBOLT, et al.,  ) | Referred to U.S. Magistrate Judge |
|            Respondents.           ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

Wayne Albright (Petitioner), an inmate currently incarcerated in Bellefonte, Pennsylvania, filed a petition for habeas corpus relief under 28 U.S.C. § 2241 that was received on June 23, 2015. (*See* doc. 3.) By *Notice of Deficiency and Order* dated June 24, 2015, he was notified that he had not used the appropriate form, and that he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 4.) Attached to the order were copies of the standard form for § 2241 petitions and IFP application. (*Id.*) The notice and order specifically advised Petitioner that he must file the appropriate form and either pay the filing fee or file his IFP application within thirty days, and that a failure to do so could result in the dismissal of his case. *Id.* More than thirty days from the date of the order have passed, but Petitioner has not filed the appropriate form, paid the filing fee or filed an IFP application, or filed anything else in this case.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an

action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner failed to file his action on the appropriate form and to pay the filing fee or file an IFP application as ordered. He has not filed anything else or otherwise shown that he intends to proceed with this case in federal court. Because he failed to comply with the order that he file his action on the appropriate form and to pay the filing fee or file an IFP application, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court.

### III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless Petitioner files his action on the appropriate form and pays the filing fee or files an IFP application within the time for objection to this recommendation, or by some other deadline set by the Court.

**SIGNED this 27th day of October, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE